IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01017-REB-OES

NOVUS FRANCHISING, INC.,

Plaintiff(s),

vs.

PHILLIP GORDON MARRS,
d/b/a NOVUS WINDSHIELD REPAIR,
d/b/a NOVUS AUTO GLASS REPAIR & REPLACEMENT,
n/d/b/a ALTERNATIVE AUTO GLASS SOLUTIONS,

Defendant(s).

---

RECOMMENDATION THAT PLAINTIFF'S
REQUESTS FOR INJUNCTIVE RELIEF BE GRANTED

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated: December 27, 2005

Plaintiff is Novus Franchising, Inc., and in this case it entered into a licensing agreement with defendants to permit them to engage in the business of glass repair under the name Novus Windshield Repair.  The principal defendant named in the Complaint is Phillip Gordon Marrs.  He is named along with the entities under which he was engaging in the business of glass repair.  The rights and obligations of the parties were to be governed by the parties' agreement, which is Exhibit A to plaintiff's Complaint, and is entitled "Mobile Unit Franchise Agreement ("the Franchise Agreement").

On December 31, 2004, Mr. Marrs unilaterally terminated his agreement with Novus.  As a result of that termination, plaintiff is before the court with requests for two

preliminary injunctions.  These requests for injunctions have been referred to me by District Judge Robert E. Blackburn for proposed findings of fact and recommendations.  The first is a request that defendants be enjoined from doing business or advertising themselves under the trademarks of Novus.  The second is a request that defendants be enjoined, pursuant to the provisions of the Franchise Agreement, from engaging in any glass repair business in Weld County.

I conducted a hearing on plaintiff's requests for injunctions on December 19, 2005.  Counsel for plaintiffs, Lawrence Commers and Harold Bruno, III, were present for the hearing.  Philip Gordon Marrs, one of the named defendants, was also present.

Upon inquiry from me, Mr. Marrs admitted that he is not a lawyer.  I therefore advised him that he could appear here in court only on behalf of himself, and that he could not represent any other named defendant.  Persons who are not lawyers may not proceed in court on behalf of other persons or entities, such as a corporation or trust.  C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-698 (9th Cir. 1987); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) (citing C.E. Pope Equity Trust, 818 F.2d at 698).  I informed Mr. Marrs that unless he obtained counsel for his entities, the other named defendants, they would be subject to entries of default judgments against them.

*1. Preliminary injunction in regard to use of trademark materials.*  Mr. Marrs stated during the hearing that he had no objection to entry of an injunction against him in regard to his use of any trademark materials.  He also stated that he had seen and reviewed the proposed "Consent Order for Partial Injunctive Relief" that has

been filed with this court by plaintiff. Mr. Marrs stated that he agreed with its contents, and agreed that the proposed Consent Order could be entered by the court.

In light of Mr. Marrs' agreement to allow the court to enter the "Consent Order for Partial Injunctive Relief," I RECOMMEND that Judge Blackburn sign the proposed Consent Order submitted by plaintiff.

*2. Preliminary injunction in regard to the conducting of business in Weld County.* Mr. Marrs objected to plaintiff's request that he be enjoined from conducting the business of glass repair in Weld County, and described for the court his rather sad state of affairs. He is in the midst of obvious and serious financial straits. He has filed for bankruptcy (causing plaintiff to acknowledge that it cannot obtain any monetary relief in this court because of this fact), and his wife has recently divorced him. Mr. Marrs states that the business of glass repair is his only livelihood.

Counsel for plaintiff admit the sad state of Mr. Marrs' circumstances, but point out that the Franchise Agreement signed by Mr. Marrs contains a "non-competition provision." Pursuant to that provision, Mr. Marrs agreed that in the event that he terminated the agreement he would not engage in any competing enterprise within the geographical boundaries of Weld County for a period of two years. Id., Art. 20.3. Counsel points out that Novus has entered into a franchise agreement with another individual in Weld County, and that Novus is obligated to protect that entity from unfair competition.

Plaintiff has outlined the requirements for entry of an injunction in its motion and memorandum of law for a preliminary injunction. Pltf's Memo. At 6, *citing* Big O. Tires, Inc. v. Bigfoot 4X4, Inc., 167 F.Supp.2d 1216, 1221 (D.Colo. 2001). The contents of the Franchise Agreement, and the remarks of Mr. Marrs on the record during the hearing of December 19, 2005, establish plaintiff's entitlement to have an injunction entered that enjoins and prohibits Mr. Marrs from engaging in the glass repair business within Weld County. The other entities that are named as defendants have not answered or otherwise responded, and in such circumstances plaintiff is entitled to injunctive relief as to them as well.

The elements of an injunction pursuant to Fed.R.Civ.P. 65(a), and the manner in which they have been satisfied here, are as follows (*see also* Pltf's Memo. At 6-15):

> 1. Likelihood of success on the merits. The contents of the agreement, in conjunction with the fact that Mr. Marrs has admitted that he signed the agreement, establish that plaintiff is likely to succeed on the merits at any trial in this matter.
>
> 2. The movant will suffer irreparable injury. The evidence establishes that if defendants are not enjoined from engaging in the glass repair business in Weld County they will suffer irreparable injury in the nature of damage to the reputation and good will of other Novus franchisees. *See also* Pltf's Mtn, Aff. of Jeff Robinson.
>
> 3. The threatened injury to plaintiff here outweighs any damage to the defendants. Although plaintiff will suffer financially if he is prevented from engaging in the business of glass repair in Weld County, his financial losses are outweighed by the fact that he agreed not to compete for a period of two years, and by the fact that his continued operation of such a business in Weld County results in irreparable harm to other Novus franchisees in Weld

>      County.
>
>           4.  <u>The injunction would not be adverse to the public
>      interest</u>.  The public interest is not disserved by requiring
>      parties to honor their agreements, including non-competition
>      agreements.

Mr. Marrs stated during the hearing that the defendant entities are not owned by him, but are owned by his children, ages 17 and 19.  Mr. Marrs asked whether they would be subject to any injunction that will be issued by this court, and whether he could continue to engage in the business as an employee of his children's corporation. Counsel for plaintiff noted for the benefit of Mr. Marrs that the Franchise Agreement prevents Mr. Marrs from competing "on [his] own account or as an employee, agent, consultant, partner, officer, Director or shareholder of any other person, firm, entity, partnership or corporation. . . ."  Compl., Ex. A at Art. 20.3.

Although Mr. Marrs presents as an admittedly sad state of affairs, his circumstances are of his own making.  He signed the contract, and he was aware that the terms of the contract would prohibit him from engaging in the business of glass repair in Weld County for a period of two years.  He is not prevented from working at all, and he is not prevented from engaging in this occupation in other counties, even adjacent counties.

## RECOMMENDATION

In light of the concessions and admissions by Mr. Marrs during the hearing of December 19, 2005, I therefore RECOMMEND as follows:

1.  that Judge Blackburn grant Plaintiff's Motion for a Preliminary Injunction [filed

June 3, 2005];

2.  that Judge Blackburn sign the "Consent Order for Partial Injunctive Relief [Doc. 14, filed July 25, 2005] that has been filed by plaintiff, granting to plaintiff its requested relief in regard to its trademarks;

3.  that Judge Blackburn grant plaintiff's request for an order enjoining all of the defendants from continuing to engage in the business of glass repair for a period of two years following entry of the injunction.  To assist Judge Blackburn, plaintiff is directed to submit a proposed form of injunction.

4.  **Advisement to Phillip G. Marrs:**  Mr. Marrs is entitled to seek review or reconsideration of my recommendation by filing an "objection" within ten days.  Failure to file such an objection or appeal within ten days will result in the waiver by Mr. Marrs of his right to present such an objection to the district court judge.  A complete advisement of Mr. Marrs' right to appeal or object is attached to this Recommendation on a page which is entitled "Advisement Under Fed.R.Civ.P. 72."

Dated at Denver, Colorado, this day of:  December 27, 2005

BY THE COURT:


s/O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).